UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEAN KINNINGHAM, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.   3:12-cv-158-TAV-CCS |
| | ) | |
| SHERIFF DAVID RAY, | ) | |
| JOHN DOE #1, and JOHN DOE #2, | ) | |
| | ) | |
| *Defendants*. | ) | |

### MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion for summary judgment filed by defendant David Ray and plaintiff's response thereto. For the following reasons, the motion for summary judgment will be **GRANTED**, the John Doe defendants will be **DISMISSED**, and this action will be **DISMISSED WITH PREJUDICE**.

**I.     Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the

nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II. **Factual Background**

Plaintiff is in federal custody. The defendants are Claiborne County Sheriff David Ray and two John Doe jailers at the Claiborne County Justice Center. Plaintiff alleged in his complaint that on "February 14" (no year given) he was punched in the face by defendant Ray after being caught after an escape from the Claiborne County Justice Center. [Doc. 2, Complaint, p. 3]. He further alleged that he was returned to the Justice Center and restrained, either in a chair or on a medical table, for approximately ten days before being delivered to the U.S. Marshals Service. [*Id*. at 4].

Plaintiff's complaint was filed on April 2, 2012. Defendant Ray avers that the capture to which plaintiff refers occurred on February 14, 2011, and thus the complaint is barred by the statute of limitation.

## III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

### A. Statute of Limitation

Averments of time are material for the purpose of testing the sufficiency of a pleading. Fed. R. Civ. P. 9(f). Accordingly, a complaint can be dismissed as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). *Ott v. Midland-Ross Corporation*, 523 F.2d 1367, 1369 (6th Cir. 1975).

Federal courts must refer to state statutes and state law to determine the statute of limitation with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the

cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Defendant Ray has filed his affidavit in support of his motion for summary judgment. [Doc. 11, Affidavit of David Ray]. Defendant Ray testifies, in pertinent part, as follows:

> I am the Sheriff of Claiborne County. I was Sheriff in February of 2011 and have been Sheriff at all times relevant to this case.
>
> Mr. Kinningham escaped from the Claiborne County Jail on February 13, 2011.
>
> On February 14, 2011, Mr. Kinningham was recaptured.
>
> After his recapture, Mr. Kinningham remained incarcerated in the Claiborne County Jail until February 24, 2011, and on that date he was released to the United States Marshals.

[*Id.* at 1, ¶¶ 2-5].

As noted, plaintiff's complaint was filed April 2, 2012, which was more than one year after the incidents on which the claims are based. In his response to the motion for summary judgment plaintiff does not deny that the incidents occurred in February 2011; he claims, however, that he sent his complaint to the Court in February 2012 prior to the expiration of the statute of limitation. [Doc. 16, Response, p. 2]. This claim, however, is contradicted by the complaint itself which bears a signature date under penalty of perjury of March 13, 2012. [Doc. 2, Complaint, p. 5]. Accordingly, plaintiff's claim against defendant Ray is barred by the statute of limitation and defendant Ray is entitled to judgment as a matter of law.

4

### B. John Doe Defendants

Plaintiff's claims against the John Doe defendants concerning his treatment in the Claiborne County Justice Center are likewise barred by the one-year statute of limitation. Accordingly, the John Doe defendants are entitled to dismissal of plaintiff's claims.

## IV. Conclusion

The motion for summary judgment filed by defendant David Ray will be **GRANTED**, the John Doe defendants will be **DISMISSED**, and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE